UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES ZLANWOSER SEEKIE, | Civil No. 11-1770 (RHK/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Plaintiff alleges that he recently was hired for a new job, but he cannot start working, because his new employer is unable to complete a necessary "background check." According to Plaintiff's complaint, the employer cannot complete the requisite background check because of the current Minnesota state government "shutdown" that went into effect on July 1, 2011. Plaintiff states that he "is suing the State of Minnesota/Department of Human Services for PREVENTING/OBSTRUCTING my new-hire-process due to the State Shutdown." (Complaint, [Docket No. 1], Attachment, p. 1.)

It appears that Plaintiff may also be attempting to sue the Minnesota Department of Human Services to recover some unspecified "cash assistance." Evidently, Plaintiff's efforts to obtain that state aid have also been thwarted by the government shutdown.

Plaintiff has not identified any legal basis for his current lawsuit, nor has he described any specific relief that he is seeking. The "Relief" section of the complaint simply states – "Let the jury/court decide." (Complaint, p. 4.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted, or if the applicant is attempting to sue a party who is legally immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff has failed to plead an actionable claim for relief, because he has not identified, (and the Court cannot independently discern), any legal basis for his claims against the State of Minnesota. It is readily apparent that Plaintiff is, quite understandably, very frustrated about his inability to begin his new job because of the current shutdown of many Minnesota state government services. However, Plaintiff cannot

plead an actionable claim for relief merely by venting his frustrations. He must identify some statute, or legal doctrine or theory, that purportedly entitles him to a court ordered judgment. Because Plaintiff has not identified any legal basis for his current lawsuit, he has failed to plead a cause of action on which relief can be granted.

Furthermore, the only named Defendant in this case, the State of Minnesota, is constitutionally immune from suit in federal court. The Eleventh Amendment to the Constitution prohibits individuals from suing states and their agencies in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota, (or the Minnesota Department of Human Services), has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's constitutional immunity. Therefore, Plaintiff's current lawsuit is barred by the Eleventh Amendment.

In sum, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted, because he has not identified any legal basis for his current lawsuit. In addition, the only named Defendant in this action is constitutionally immune from being sued in federal court under the Eleventh Amendment. The Court will therefore recommend that Plaintiff's pending IFP application be denied, and that this action be summarily

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).


Dated: July  8 , 2011

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 22, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[1] The Court is not unsympathetic to the fear and frustration that Plaintiff has described in his complaint.  However, he has not pleaded a claim that can be entertained in federal court.  Plaintiff will have to seek to resolve his current difficulties by some other means.  Needless to say, the Court emphatically recommends that Plaintiff should not pursue any of the illegal actions threatened in his complaint.